AUSA: Ariana L. Bloom

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**25 MAG 2217**

UNITED STATES OF AMERICA

v.

ERIC LEVI,

Defendant.

**SEALED COMPLAINT**

Violations of 18 U.S.C. § 2252A

COUNTY OF OFFENSE:
BRONX

SOUTHERN DISTRICT OF NEW YORK, ss.:

MICHAEL BUSCEMI, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation (the "FBI"), and charges as follows:

**COUNT ONE**
**(Receipt and Distribution of Child Pornography)**

1.      On or about January 5, 2025, in the Southern District of New York and elsewhere, ERIC LEVI, the defendant, knowingly received and distributed material that contained child pornography using a means and facility of interstate and foreign commerce and that had been mailed and had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, LEVI received files containing sexually explicit images of minors on his phone in the Bronx, New York, via a messaging application.

(Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).)

**COUNT TWO**
**(Possession of Child Pornography)**

2.      From at least on or about January 5, 2025 through at least on or about January 8, 2025, in the Southern District of New York and elsewhere, ERIC LEVI, the defendant, knowingly possessed and accessed with intent to view a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, LEVI possessed sexually explicit images of minors, including images of prepubescent minors and minors who had not attained 12 years of age, on his phone in the Bronx, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3.    I have been personally involved in the investigation of this matter. I am familiar with the information contained in this Complaint based on my participation in the investigation, my review of documents, my conversations with other law enforcement officers, and my training and experience. Because this Complaint is being submitted for the limited purpose of establishing probable cause to arrest the defendant, I have not included the details of every aspect of the investigation. Where actions, conversations, and statements of others are related herein, they are related in substance and in part, except where otherwise indicated.

4.    Based on my review of law enforcement documents and records and my conversations with individuals from the New York City Department of Probation ("NYC Probation"), I have learned the following:

a.    On or about January 8, 2025, ERIC LEVI, the defendant, was serving a term of probation for a prior felony sex offense.  In particular, LEVI had been convicted pursuant to a guilty plea of Possessing Sexual Performance by a Child, in violation of N.Y. Penal Law § 263.16, which is a Class E Felony.  One of the conditions of LEVI's probation for his felony sex offense was that his cellphone was subject to searches by members of NYC Probation.

b.    On or about January 8, 2025, members of NYC Probation visited LEVI's residence in the Bronx, New York, to do a routine cellphone search.

c.    During this visit, on or about January 8, 2025, LEVI represented to NYC Probation, in substance and in part, that a yellow Motorola Moto G Stylus 5G ("LEVI's Phone") belonged to him, and a member of NYC Probation ("NYC Probation Officer-1") searched LEVI's Phone pursuant to his probation conditions.

d.    During that search, NYC Probation Officer-1 discovered on LEVI's Phone images and videos containing what appeared to be child pornography.  More specifically, NYC Probation Officer-1 discovered approximately 30 images and videos of individuals who appeared to be female minors naked with their breasts and vaginas exposed.

e.    On or about that same day, January 8, 2025, members of NYC Probation took LEVI's Phone into their custody.  Members of NYC Probation subsequently created a forensic image of LEVI's Phone and performed a more in-depth search of the contents of LEVI's Phone.  During that more in-depth search, members of NYC Probation learned the following, among other things:

i.    LEVI's Phone contained an approximately 48-second video of what appears to be an adult male engaging in a sexually explicit act with what appears to be a prepubescent female minor.  In particular, the video depicted the unidentified adult male placing his erect penis in the prepubescent female's mouth.

ii.    LEVI's Phone contained an approximately 12-second video of what appears to be an adult male engaging in a sexually explicit act with what appears to be a prepubescent female minor.  In particular, the video depicts the unidentified adult male touching

2

the area around the prepubescent female's vagina and rubbing his erect penis against the prepubescent female's vagina.

        iii.      LEVI's Phone contained an approximately 37-second video of what appears to be an adult male engaging in a sexually explicit act with what appears to be an infant baby. In particular, the video depicts the unidentified adult male placing his erect penis on the infant's mouth.

        iv.      LEVI's Phone also was logged into an account on a social media platform ("LEVI's Social Media Account") and an account on an encrypted messaging application ("LEVI's Encrypted Messaging Account"). LEVI's Social Media Account had access to a group related to child pornography. Messages in that group directed LEVI to particular chats on the encrypted messaging application to receive child pornography.

        f.      On or about January 8, 2025, LEVI admitted to NYC Probation officers, in substance and in part, that LEVI's Phone contained child pornography, and that that child pornography belonged to him.

        g.      On or about the same day, January 8, 2025, LEVI admitted to NYC Probation officers, in substance and in part, that LEVI's Social Media Account and LEVI's Encrypted Messaging Account were his accounts.

        5.      On or about January 11, 2025, I examined screenshots taken from LEVI's Phone and, in doing so, confirmed that the user of LEVI's Phone, that is, ERIC LEVI, the defendant, accessed a social media group called "Jenny CP." Based on my training and experience, I know that the acronym "CP" stands for child pornography.

        6.      On or about February 6, 2025, the Honorable Ona T. Wang, United States Magistrate Judge, Southern District of New York, issued a warrant to search LEVI's Phone (the "February 2025 Warrant").

        7.      Pursuant to the February 2025 Warrant, I have reviewed files contained on LEVI's Phone. Based on my review of LEVI's Phone, I determined that LEVI's Phone contained approximately 107 unique files (videos and images) of child pornography, including, among others, those identified by NYC Probation and described in Paragraphs 4(e)(i)-(iii), *supra*. The other files included, for example:

        a.      An approximately 47-second video (the "47-Second Video") of a female minor, who is approximately 8 to 10 years old and is nude from the waist down. The video shows the female minor exposing her vagina and anus with her fingers.

        b.      An approximately 10-second video (the "10-Second Video") of a female minor, who is approximately 8 to 10 years old and is nude from the waist down. In the video, the female minor's vagina is exposed, and the female minor is shown masturbating with a spray bottle.

        c.      An approximately 107-second video (the "107-Second Video") of a female minor, who is approximately 10 to 12 years old. The video shows the female minor masturbating with her chest exposed.

3

8.      Based on my review of LEVI's Phone pursuant to the February 2025 Warrant, I know that ERIC LEVI, the defendant, received the videos described in Paragraphs 7(a)-(c), *supra*, via the encrypted messaging application, using LEVI's Encrypted Messaging Account on LEVI's Phone, as described below:

a.      On or about January 5, 2025 at approximately 2:06 p.m., LEVI, using LEVI's Encrypted Messaging Account, messaged an account with the username "Jenny Cp" ("Account-1"), saying, among other things, "This is Eric Levi" and "Do you have video 📷 ???" The user of Account-1 used the encrypted messaging application to share the 107-Second Video described in Paragraph 7(c), *supra*, to LEVI's Encrypted Messaging Account and asked, "Do you love to see my sex videos[?]"  LEVI, using LEVI's Encrypted Messaging Account, replied, "Yeah especially CP."

b.      On or about January 5, 2025, at approximately 4:48 p.m. LEVI, using LEVI's Encrypted Messaging Account, messaged an account with the username "Cp Yanisa" ("Account-2"), saying, "I am Eric Levi from Facebook."   The user of Account-2 replied, "Are you interested in my hot . . . Pizza 🍕 videos daddy?"[1] LEVI responded, "Yeah," communicated that his preference was "[a]ges 6-7 girls only," and asked to "see some samples."  The user of Account-2 then used the encrypted messaging application to send the 47-Second Video described in Paragraph 7(a), *supra*, to LEVI's Encrypted Messaging Account.

c.      On or about January 5, 2025, after sending LEVI the 47-Second Video as described in Paragraph 8(b), *supra*, the user of Account-2 sent a message to LEVI at LEVI's Encrypted Messaging Account, saying "I've got 94 hot . . . Pizza 🍕 Videos for just $60 daddy . . . I know that's fair enough daddy."  LEVI, using LEVI's Encrypted Messaging Account, replied, "Yes my goddess."  LEVI then requested "some more samples with topless" and "orgasm."  The user of Account-2 then used the encrypted messaging application to send the 10-Second Video described in Paragraph 7(b), *supra*, to LEVI's Encrypted Messaging Account.

9.      On or about July 3, 2025, the Honorable Gary Stein, United States Magistrate Judge, Southern District of New York, issued a warrant for historical location information for LEVI's Phone (the "Historical Location Warrant").  Based on returns from the Historical Location Warrant, I know that LEVI's Phone was located in the Bronx, New York when the user of LEVI's Phone—that is, ERIC LEVI, the defendant—received the videos described in Paragraphs 7(a)-(c), *supra*.

---

[1] Based on my training and experience, I know that an emoji of a pizza slice and/or a reference to cheese pizza means child pornography.

5

WHEREFORE, I respectfully request that a warrant be issued for the arrest of ERIC LEVI, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.


**/s Michael Buscemi**  (By Court with Authorization)
_____
Michael Buscemi
Special Agent
Federal Bureau of Investigation


Sworn to me through the transmission of
this Complaint by reliable electronic
means (telephone), pursuant to Federal Rule of Criminal Procedure 4.1,
this __11th__ day of July, 2025.

_____
THE HONORABLE SARAH L. CAVE
United States Magistrate Judge
Southern District of New York